By the Court,

Cowen, J.
We are of opinion that the instrument which the plaintiff gave in evidence is a negotiable bill of exchange. The words, u City of Brooklyn, ss. To the Treasurer of the city of Brooklyn, at &c. Pay,” &c., together with the signatures, import plainly enough a draft of the city by its agents. It is payable generally to A. Lyon or order, in cash ; and the payment is not, on the face of the bill, either conditional or restricted to any particular fund. The clause, “ charge to Bedford road,” &c. is a mere direction as to the mode of reimbursement. (Chit. on Bills, 158, Am. ed. of 1839.)
There is nothing, either in the mode of issuing or form of the draft, incompatible with the 21st section of the act to incorporate the city of Brooklyn. (Sess. L. of 1834, p. 97.) The provision requiring an order and warrant of the common council, for drawing money from the treasury, is satisfied, if, as was the case here, a draft be authorized according to the usual course of corporate business. The word order means no more than a direction ; which may be express, or implied from acquiescence in the general practice to issue drafts on the basis of such notes or memoranda as were shown to stand in the minutes of the corporation. The draft was signed and countersigned according to the statute, by the mayor and clerk. There is nothing in the statute expressing or implying an in hibition to make the warrants negotiable.
Independently of any statute provision, a corporation may issue negotiable paper for a; debt contracted in the course of its proper business. (Moss v. Oakley, 2 Hill, 265.) This is a power incident to all corporations, and no provision in its charter or elsewhere, merely directing a certain form in affirmative words, should be so construed as to take away the power. The draft in question was issued by the agents of the defendants, *266 acting according to the usual course in such matters. A disavowal by the corporation, if allowed, might operate as a fraud upon the.plaintiff and upon others. The money, when drawn for, or soon after, was in possession of the corporation; and it stood a debtor to the plaintiff pro tanto.
The bill was not, on its face, restricted to the particular fund arising from the Bedford road transaction ; yet, for reimbursement, the treasurer was directed to charge that fund. As between him and the corporation, this was his proper resource ; and, the fund being exhausted, he no longer owed it as a duty to the corporation to pay. He accordingly has not paid. At times he was in funds ; but finally they were all withdrawn by warrants from the corporation itself, the drawer of the bill and the defendant in this suit. Yet the corporation objects that the bill was not presented in due season, and that it has had no notice of non-payment. Having got the fund into their own hands, it appears affirmatively that they neither ■ have suffered nor can suffer any thing for want of either presentment or notice. Neither was therefore necessary. (Harker v. Anderson, 21 Wend. 375 ; Commercial Bank of Albany v. Hughes, 17 Wend. 94, 97 to 99.)
New trial denied.